UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS DANIEL RHODES,           Civil File No. 04-176 (RHK/SRN)

        Petitioner,

vs.                             **MEMORANDUM OF LAW
                                IN SUPPORT OF MOTION TO STRIKE**

JOAN FABIAN,
Commissioner of Corrections,

        Respondent.

## INTRODUCTION

On November 8, 2004, over seven months after the state's return was filed, petitioner filed an unsolicited memorandum of law titled "Supplemental Authority In Response to Respondent's Memorandum." Petitioner did not seek leave of Court to file this reply, nor is the reply authorized by the Habeas Corpus Rules or the Federal Rules of Civil Procedure. Because this reply is unauthorized, untimely, and unnecessary, petitioner's reply should be stricken. In the alternative, if the reply is not stricken, respondent should be given an opportunity to file a response.

## PROCEDURAL HISTORY

Petitioner filed a Petition for Writ of Habeas Corpus and Memorandum of Law on or about January 23, 2004. On February 2, 2004, this Court issued an Order directing respondent to make a return showing cause why a writ should not be granted. On March 30, 2004, respondent filed a Memorandum in Opposition to Writ of Habeas Corpus. This Court's February 2 Order did not provide for the filing of a reply or "traverse" to respondent's return. To the contrary, the Order specifically stated that

"upon the filing of Respondent's return, the parties shall wait for further order of this Court." Notwithstanding this Court's order, on November 8, 2004, petitioner filed an unsolicited memorandum of law titled, "Supplemental Authority In Response to Respondent's Memorandum."

## ARGUMENT

Over seven months after respondent filed its return petitioner filed a reply or "traverse." The Habeas Corpus Rules, however, do not provide for a reply to the respondent's return.[1] The comments to Habeas Corpus Rule 5 provide that:

> Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer except under special circumstances.
>
> * * *
>
> In actual practice, the traverse tends to be a mere pro forma refutation of the return, serving little if any expository function. In the interests of a more streamlined and manageable habeas corpus procedure, it is not required except in those instances where it will serve a truly useful purpose.

---

[1] Effective December 1, 2004, absent contrary action by Congress, Rule 5 is amended to allow the petitioner to submit a reply to the respondent's answer within a time fixed by the Court. The Advisory Committee Notes regarding the 2004 Amendments provide that:

> . . . the revised Rule 5(e) adopts the practice in some jurisdictions of giving the petitioner an opportunity to file a reply to the respondent's answer. Rather than using terms such as "traverse," see 28 U.S.C. § 2248, to identify the petitioner's response to the answer, the rule uses the more general term "reply." The rule prescribes that the court set the time for such responses and in lieu of setting specific time limits in each case, the court may decide to include such time limits in its local rules.

Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 proceedings.

In addition, to the extent the Federal Rules of Civil Procedure are applicable to section 2254 cases, they do not allow for unsolicited legal memoranda. *See* Rule 11 of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 7 (prohibiting a reply to an answer unless ordered by the court;) and L.R. 7.1(f) (prohibiting unsolicited memoranda of law except with permission of the court).

In this case, besides being untimely and unauthorized, petitioner's 22-page reply merely rehashes his arguments in support of his petition and servers no "truly useful purpose." Historically, this Court has denied such replies. In *United States v. Stoltz*, 325 F.Supp.2d 989, 986 (D. Minn. 2004), this Court refused to consider the defendant's reply to the government's answer for two reasons. First, the Court noted that "the traditional practice of requiring a reply or traverse to the government's answer has been abandoned, except in those circumstances 'where it will serve a truly useful purpose.'" *Id*. (quotation omitted). Second, the Court relied on Congress's comment that "the traverse tends to be a mere pro forma refutation of the [government's answer], serving little if any expository function" and Congress's intent to "create a more streamlined and manageable habeas corpus procedure." *Id.* (quotation omitted).

In *United States v. Lefkowitz*, 289 F. Supp. 1076, 1082 (D. Minn. 2003), this Court refused to address the legal arguments "rehashed in the defendant's first and second traverse" because "further briefing on the law is both unnecessary and contrary to the streamlined process envisioned by Congress." *Id.* The Court noted that

> the use of the traverse arose because the factual assertions in the government's return or answer to a state prisoner's habeas petition were considered at common law to be conclusive, and later came to be viewed as

3

prima facie valid unless challenged by traverse. Thus the purpose of a traverse was to preserve a defendant's objections to the factual assertions in the government's answer to the petition for habeas relief. The presumption of validity is no longer afforded to the assertions of fact in the government's answer. Moreover, in eliminating the requirement that state habeas petitioner's file a traverse, Congress stated its intent "to create a more streamlined and manageable habeas corpus procedure."

*Id.* In *Lefkowitz*, the defendant's reply did not challenge the government's factual assertions but merely restated defendant's claims and challenged the government's legal analysis. *Id.* Because the defendant's legal claims had already been adequately briefed and further briefing was unnecessary and contrary to the rules, this Court declined to consider the reply. *Id.*

In this case, petitioner submitted a 97-page legal memorandum in support of his petition. His "Supplemental Authority In Response To Respondent's Memorandum" merely responds to the state's answer. It also "includes cases decided since petitioner's opening memorandum was filed" (Pet. Mem. at 2), but only five of the cases it cites post-date his memorandum, and none of these establish new legal principles. Petitioner has already adequately briefed his legal claims and further briefing in this case is unauthorized and unnecessary, especially after a seven-month delay.

## CONCLUSION

For the foregoing reasons, petitioner's supplemental memorandum should be

stricken.  In the alternative, respondent should be given an opportunity to respond to the additional authority cited and arguments made in petitioner's supplemental memorandum.

Dated:  November 16, 2004                    Respectfully submitted,

                                                      s/ **Thomas R. Ragatz**
                                                     Thomas R. Ragatz
                                                     Bar Number 236822
                                                     Attorney for Respondent
                                                     Mike Hatch
                                                     Attorney General
                                                     State of Minnesota
                                                     445 Minnesota Street, Suite 1800
                                                     St. Paul, MN 55101-2134
                                                     Telephone:  (651) 296-6598
                                                     Fax:  (651) 282-2525

                                                     ATTORNEYS FOR RESPONDENT

AG: #1320318-v1