UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Daniel Rhodes,

        Petitioner,

v.

Joan Fabian,
Minnesota Commissioner of Corrections,

        Respondent.

Civil File No. 04-176 (RHK/SRN)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his confinement by the State of Minnesota. (Docket No. 1.) The matter was assigned to Magistrate Susan Richard Nelson, who recommended that the petition be denied on the merits. (Report and Recommendation, ["R&R"], dated April 25, 2005, [Docket No. 37].) Petitioner filed objections to the R&R, (Docket No. 40), which caused this Court to conduct a de novo review of the matter. By order dated September 12, 2005, (Docket No. 48), the Court adopted the R&R, and ordered that the action be dismissed.

On October 4, 2005, Petitioner filed an Application for a Certificate of Appealability, ("COA"), which is now before the Court. (Docket No. 50.) For the reasons discussed below, Petitioner's COA application will be DENIED.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot

grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner has not made a substantial showing of the denial of any constitutional right. His petition for writ of habeas corpus was properly dismissed for the reasons set forth in the Magistrate Judge's R&R. The due process and ineffective assistance of counsel claims that Petitioner seeks to raise on appeal are simply not weighty enough to warrant a COA. Petitioner has not shown sufficient reason to believe that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to

warrant appellate review. Thus, the Court concludes that Petitioner is not entitled to a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's Application for a Certificate of Appealability in this matter, (Docket No. 50), is **DENIED**.

Dated: October 20, 2005

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Court Judge